Jorge Gonzalez (CBN 100799)
A PROFESSIONAL CORPORATION
2485 Huntington Drive, Suite 238
San Marino, California 91108
T – 626-328-3081
C – 213-598-3278
E-mail: jggorgeous@aol.com

Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SEAN WEST; TIM WEST; MONIQUE WEST; JESSE VELLA, Individually and as Successor in Interest of Decedent Sean West; and I.W., A Minor, By and Through his Guardian ad Litem, ANGELLA MUELLER,<br><br>            Plaintiffs,<br><br>     vs.<br><br>COUNTY OF LOS ANGELES, a public entity; and DOES 1 through 10, inclusive, both individually and in their official capacity as deputy sheriffs for the County of Los Angeles Sheriff's Department,<br><br>            Defendants. | Case No.: CV<br><br>**COMPLAINT FOR DAMAGES**<br>1. False Arrest and Failure to Provide Medical Care in Violation of the 4th and 14th Amendments [42 U.S.C. § 1983];<br>2. Violation of 14th Amendment Substantive Due Process Rights [42 U.S.C. § 1983]<br>3. Violation of Federal Civil Rights by Public Entity [42 U.S.C. § 1983;<br>4. Negligence (Wrongful Death);<br>5. Violation of Bane Act (Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. Jurisdiction is conferred upon this Court by Title 28, U.S.C. §§ 1331 and 1343, and arises under Title 42, U.S.C. §§ 1983 and 1988. This court has supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

2. The acts complained of arose within the Central District of California, therefore venue properly lies here pursuant to 28 U.S.C. § 1391. One or more of the Defendants resides in or has its principal place of business in Los Angeles County.

## PARTIES

3. Plaintiff ESTATE OF SEAN WEST is suing on behalf of the Decedent SEAN WEST. His parents TIM WEST and MONIQUE WEST are suing individually on their own behalf. Plaintiff JESSE VELLA is suing herein individually on his own behalf, and as Successor in Interest on behalf of the Decedent. A Declaration pursuant to California Code of Civil Procedure § 377.32 is hereby attached. Plaintiff I.W., A Minor, is suing individually on his own behalf by and through his Mother, ANGELLA MUELLER, as his Guardian ad Litem.

4. At all times material herein, Defendant COUNTY OF LOS ANGELES was and is a public entity duly organized and chartered under the laws of the State of California, and was responsible for the hiring, training, and supervising of the conduct of their employees and agents, including, its Sheriff's Department and all of its deputies and members. This Defendant is a "person" and subject to suit within the meaning of Title 42, U.S.C. § 1983 under *Monell v. New York Dept. of Social Serv.*, 436 U.S. 658, 691 (1978).

5. At all times material herein, said Defendant COUNTY OF LOS ANGELES was responsible for the employment, training, and supervision of the actions, conduct, policies, practices, and customs of the employees and agents, including, its Sheriff's Department and all of its deputies and members. At all times material herein, Defendant COUNTY OF LOS ANGELES was responsible for assuring that the actions, conduct, policies, procedures, and customs of their Sheriff's deputies complied with the laws and Constitutions of the United States and of the State of California.

6. Plaintiffs are informed and believe, and based thereon hereby allege that Defendant COUNTY OF LOS ANGELES is responsible for implementing, maintaining, sanctioning, or condoning a policy, custom or practice, under which the wrongful or illegal acts hereinafter complained of occurred. By reason of this policy, custom or practice, Defendant COUNTY OF LOS ANGELES is liable for the damages hereinafter complained of. As to the supplemental state law claims, Plaintiffs allege Defendant COUNTY OF LOS ANGELES is vicariously liable under the doctrine of *respondeat superior* for the actions of its employees and agents acting under the course and scope of their employment.

7. Plaintiffs are informed and believe, and based thereon allege that at all times material herein, Defendants DOES 1 through 10, inclusive, were each duly appointed and acting Sheriff's deputies or employees employed as such by the defendant COUNTY OF LOS ANGELES and at the time of the acts hereinafter complained of, each said Defendant was acting within the course and scope of such employment and under the color of law. Plaintiffs sue each of these Defendants both in their official and individual capacities.

8. The true names of Defendants DOES 1 through 10, inclusive, are not now known to Plaintiffs who therefore sue said Defendants by such fictitious names, but upon ascertaining the true name of a DOE Defendant, Plaintiffs will amend this complaint, or seek leave to do so, by substituting same for said fictitious name. Plaintiffs are informed and believe, and based thereon allege, that each DOE Defendant is in some manner responsible for the injuries and damages herein complained of.

9. At all times material herein, Defendants were each acting as the employee, agent representative, and officer of every other Defendant herein, and within the course and scope of such employment and agency.

10. Plaintiffs filed a timely Claim pursuant to California Government Code Section 910 et seq. with Defendant COUNTY OF LOS ANGELES on April 22,

2017. Defendant COUNTY OF LOS ANGELES rejected said Claim by a letter dated January 11, 2018, and this action is filed in a timely manner.

## FACTS COMMON TO ALL CLAIMS

11. On May 25, 2017, at approximately 1800 hours, Defendants DOES 1 through 10, inclusive, deputy sheriff's from the Los Angeles County Sheriff's Department, conducted a traffic stop of a vehicle being driven by SEAN WEST, with Julie Romo as a passenger. The vehicle was pulled over in the parking lot of a WalMart in the City of Duarte, located within the County of Los Angeles. Defendants did not have probable cause for an arrest.

12. Defendants DOES 1 through 10, inclusive, immediately removed the passenger Julie Romo from the vehicle and placed her in a squad car. Several of the deputies, Defendants DOES 1 through 10, inclusive, whose identities are not now known, then began to question her about whether Sean West had swallowed any narcotics. Although she indicated to them that she had not seen Sean West ingest any narcotics, the deputies did not appear to believe her, and insisted they had seen Sean West placing unknown items in his mouth as if to secrete them from the deputies.

13. Defendants DOES 1 through 10, inclusive, continued to question whether SEAN WEST had ingested any narcotics. He was removed from his vehicle and patted down, then transferred to a patrol car. Defendants DOES 1 through 10, inclusive, then searched the vehicle of SEAN WEST and found methamphetamine. While in the patrol car, SEAN WEST admitted the methamphetamine was his, and that he had swallowed an unknown quantity of methamphetamines.

14. Despite knowing, or having good reason to believe SEAN WEST had swallowed methamphetamines, Defendants DOES 1 through 10, inclusive, did not immediately take any remedial action, and instead, waited almost an hour before

calling paramedics at approximately 1919 hours, after they noticed him manifesting objective symptoms of narcotic intoxication.  Instead, Defendants DOES 1 through 10, inclusive, taunted SEAN WEST and berated him for having swallowed narcotics and not affirmatively divulged that fact to them when asked, and so they were going to wait and see what happened in order to teach him a lesson.

15. Paramedics did not arrive until 1931 hours.  The chief complaint at that time was shaking due to methamphetamine overdose.  Paramedics then transported SEAN WEST by ambulance to Queen of the Valley hospital, located in the city of West Covina, bypassing other medical facilities that were closer.  Defendants DOES 1 through 10, inclusive, placed restraints on SEAN WEST's wrists because he was exhibiting behavior dangerous to himself or others.

16. SEAN WEST did not arrive into the emergency room until 2023 hours.  By then he was non-verbal and suffering oral trauma due to the clenching of his teeth.  He was profusely sweating, making grumbling noises, and writhing about on the gurney.

17. By 2100 SEAN WEST was thrashing about in his bed, fighting his restraints, and not making sense.  By 2241 he was convulsing and foam was draining from his mouth.  Emergency measures taken by medical personnel were not effective.  At 0100 hours on May 26, 2017 he seized again.  He was transferred to the intensive care unit.  He had been admitted with the diagnosis of respiratory failure, amphetamine overdose, hyperthermia and seizure secondary to drug overdose.

18. Emergency medical measures continued without success until SEAN WEST died on May 26, 2017, at 2049 hours.

///

///

///

## FIRST CLAIM OF RELIEF

(Violation of Civil Rights, Title 42, U.S.C. § 1983)

[Unlawful Seizure and Failure to Provide Medical Care]

[By Plaintiff ESTATE OF SEAN WEST, and JESSE VELLA, as Successor in Interest for Decedent SEAN WEST against Defendants DOES 1 through 10, inclusive]

19. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 18 of this complaint and make each a part hereof as if set forth in full.

20. The traffic stop conducted of Decedent SEAN WEST by Defendants DOES 1 through 10, inclusive, was without probable cause, and conducted solely because certain unknown deputies recognized him from prior stops.  For the ensuing hour or so, he remained in the custody of Defendants DOES 1 through 10, inclusive, and was effectively under arrest.  The initial stop and the subsequent detention ripened into an arrest with probable cause, and deprived Plaintiffs' Decedent of the rights, privileges, and immunities guaranteed him by the Fourth Amendment to the U.S. Constitution, and in violation of Title 42, U.S.C. § 1983.

21. Furthermore, although Defendants DOES 1 through 10, inclusive, knew or should've known that Plaintiffs' Decedent SEAN WEST had ingested an unknown quantity of methamphetamine, causing him to have a serious medical need, they were deliberately indifferent to Decedent SEAN WEST's rights when they unreasonably refrained from providing or obtaining adequate and timely medical care.  Defendants DOES 1 through 10, inclusive, knew or should've known that any delay in providing immediate medical care for a potential methamphetamine overdose, could and would have irreversible medical consequences, and could, or would, and did result in an untimely death.

22. By reason of the afore-described acts and omissions of Defendants DOES 1 through 10, inclusive, and each of them, Plaintiffs' Decedent SEAN WEST died as the result of acute methamphetamine poisoning.

23. Had Defendants DOES 1 through 10, inclusive, summoned medical care as soon as they suspected he had ingested methamphetamine by mouth, Decedent SEAN WEST's chances of survival would have been exponentially better. By their acts and omissions Defendants DOES 1 through 10, inclusive, deprived Plaintiffs' Decedent (a pre-trial detainee) of the rights, privileges, and immunities guaranteed him by the Fourteenth Amendment to the U.S. Constitution, and in violation of Title 42, U.S.C. § 1983.

24. As a result of a methamphetamine overdose and his ultimate death Plaintiffs' Decedent SEAN WEST suffered great physical and mental injury, trauma, pain, shock to his nervous system, injury to his health, strength and activity, loss of love, care, society, companionship, support and affection, great anguish, anxiety, degradation, humiliation, fear and emotional distress; all to his damages in an amount not yet ascertained but to be proved.

25. By reason of the afore-described acts and omissions of Defendants DOES 1 through 10, Plaintiffs' Decedent SEAN WEST was required to receive medical care, treatment, and examination and by reason thereof, said Plaintiffs' Decedent incurred doctor, medical, and incidental expenses in an amount not yet ascertained but to be proved.

26. The afore-described acts and omissions of Defendants DOES 1 through 10, were done recklessly, knowingly, intentionally, and for the purpose of vexing and injuring Plaintiffs' Decedent SEAN WEST and to maliciously deprive Plaintiffs' Decedent of rights guaranteed him by the U.S. and California Constitutions and in conscious disregard thereof; and by reason thereof, Plaintiffs claim exemplary and punitive damages on behalf of Decedent from said Defendants in an amount to be proved.

27. By reason of the afore-described acts and omissions of Defendants, Plaintiffs were required to retain an attorney to institute and prosecute the within action and to render legal assistance to Plaintiffs that they might vindicate the loss and impairment of theirs and Decedent's aforementioned rights; and by reason thereof Plaintiffs request payment by Defendants of a reasonable sum for attorney's fees pursuant to Title 42, U.S.C. § 1988.

## SECOND CLAIM OF RELIEF

(Violation of Civil Rights, Title 42, U.S.C. § 1983)

[Deprivation of Substantive Due Process Rights]

[By Plaintiffs TIM WEST, MONIQUE WEST, JESSE VELLA, and I.W. (A Minor, by and through his Guardian ad Litem ANGELLA MUELLER) against Defendants DOES 1 through 10, inclusive]

30. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 29 of this complaint and make each a part hereof as if set forth in full.

31. The failure to provide immediate medical care to Plaintiffs' Decedent SEAN WEST, as a pre-trial detainee, under the circumstances presented and based on the facts known to Defendants DOES 1 through 8, inclusive, at the time, was in reckless disregard of the rights of Plaintiffs herein, TIM WEST, MONIQUE WEST, JESSE VELLA, and I.W. (A Minor, by and through his Guardian ad Litem ANGELLA MUELLER) and with the intent to harm Plaintiffs' Decedent SEAN WEST, lacking in any possible rational governmental justification or interest. As such, the failure to provide medical care to Plaintiffs' Decedent SEAN WEST deprived Plaintiffs TIM WEST, MONIQUE WEST, JESSE VELLA, and I.W. (A Minor, by and through his Guardian ad Litem ANGELLA MUELLER) of the rights, privileges, and immunities not to have their familial

association infringed upon, interfered with, or deprived by the loss of life of their son and father, respectively, as guaranteed them by the substantive due rights provision of the Fourteenth Amendment to the U.S. Constitution, in violation of Title 42, U.S.C. § 1983.

32. By reason of the afore-mentioned acts of said Defendants DOES 1 through 8, inclusive, Plaintiffs TIM WEST, MONIQUE WEST, JESSE VELLA, and I.W. (A Minor, by and through his Guardian ad Litem ANGELLA MUELLER) suffered great physical and mental injury, trauma, pain, shock to their nervous system, injury to their health, strength and activity, the loss of the love, care, society, companionship, and support and affection of their loved one, great anguish, anxiety, degradation, humiliation, fear and emotional distress; all to their damages in an amount not yet ascertained but to be proved.

33. By reason of the afore-described acts and omissions of Defendants DOES 1 through 8, inclusive, Plaintiffs TIM WEST, MONIQUE WEST, JESSE VELLA, and I.W. (A Minor, by and through his Guardian ad Litem ANGELLA MUELLER) were and will be required in the future to receive medical and psychiatric care, treatment, and examination and by reason thereof, said Plaintiffs incurred and will continue to incur doctor, medical, chiropractic, psychiatric, pharmaceutical and paid for funeral expenses other miscellaneous and incidental expenses in an amount not yet ascertained but to be proved

**THIRD CLAIM FOR RELIEF**
(Violation of Civil Rights by a Public Entity)
[Title 42, U.S.C. § 1983]
[By Plaintiff ESTATE OF SEAN WEST, and JESSE VELLA, as Successor in Interest for Decedent SEAN WEST against Defendants COUNTY OF LOS ANGELES, and DOES 9 through 10, inclusive]

34. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 25 and 27 through 33 of this complaint and make each a part hereof as if set forth in full.

35. On or about May 25, 2017 and for some time prior thereto and since then until the present, Defendants COUNTY OF LOS ANGELES, and DOES 9 through 10, inclusive, maintained and enforced a policy, custom and practice of negligently employing, training, assigning, and supervising sworn deputies of the Los Angeles County Sheriff's Department who are predisposed to dishonesty, and of permitting and ratifying violations, under color of law, of the Fourth, and Fourteenth Amendments to the U.S. Constitution by its sworn deputies.

36. Furthermore, on or about May 25, 2017, and for some time prior thereto, Defendants COUNTY OF LOS ANGELES and DOES 9 through 10, inclusive, failed to properly train, assign, supervise, and guide their deputies, in regards to the duty to provide proper medical care to detainees and inmates in their custody with serious medical needs.

37. In particular, the COUNTY OF LOS ANGELES and DOES 9 through 10, had a training policy that failed to consider or anticipate that their deputies might come into contact with persons that might ingest narcotics in an effort to conceal them, and that it was foreseeable that a failure to immediately provide medical care to such detainees might have serious irreversible consequences including, but not limited to, serious medical consequences up to and including death.  Had the COUNTY OF LOS ANGELES Sheriff's Department properly trained their deputies of the importance of the preservation of life, the overdose death of Plaintiffs' Decedent SEAN WEST due to acute methamphetamine poisoning could and would have been avoided during the situation complained of herein.

38. Furthermore, on or about May 25, 2017, and for some time prior thereto, Defendants COUNTY OF LOS ANGELES, and DOES 9 through 10, inclusive,

failed to fully and objectively investigate claims, reports or allegations of misconduct, or acts or omissions by the deputies under their command.  In particular, the COUNTY OF LOS ANGELES and DOES 9 through 10 either failed to conduct a serious investigation of the death of Plaintiffs' Decedent SEAN WEST involving Defendants DOES 1 through 10, inclusive, herein, despite the loss of life that resulted, or actually approved of the conduct herein, and by their actions acquiesced, condoned, tolerated, or ratified and approved of such failure to provide adequate and timely medical care in order to protect said deputies and avoid any discipline or other blemishes on their record.

39.  By their acts in approving and ratifying the conduct of the Defendant deputies herein, Defendants DOES 9 through 10, failed to take an objective, unbiased look at what occurred.  Furthermore, Defendant COUNTY OF LOS ANGELES has suffered a number of incidents in recent years in which subjects or suspects died or were seriously injured during violent contacts with deputies from the COUNTY OF LOS ANGELES, and that despite paying substantial monetary sums in settlement or as satisfaction of judgments against them for said conduct, Defendant COUNTY OF LOS ANGELES has NOT found any of said actions of their Sheriff's deputies to be misconduct or conduct in contravention of official department policy.  As a result of said acts, omissions, policies, customs and practices, deputies who so engaged in a pattern of misconduct, violations of law, and wholesale violations of the civil rights of the citizenry were allowed to continue in their malfeasance unabated by any efforts of their superiors.

40.  Said acts and omissions, policies, customs and practices by Defendants COUNTY OF LOS ANGELES, and DOES 9 through 10, inclusive, as official policy makers for Defendant COUNTY OF LOS ANGELES, were the moving force behind the violation of constitutional rights and damages complained of herein by Plaintiffs.

## FOURTH CLAIM OF RELIEF

(Negligence, Cal. Gov. Code § 815.2)

[By Plaintiffs TIM WEST, MONIQUE WEST, JESSE VELLA, and I.W. (A Minor, by and through his Guardian ad Litem ANGELLA MUELLER), against Defendants DOES 1 through 10, inclusive]

41. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 40 of this complaint and make each a part hereof as if set forth in full.

42. On or about May 25, 2017, and at all times mentioned herein, Plaintiffs' Decedent, SEAN WEST, was allowed to succumb to an overdose of methamphetamine due to the inaction, malfeasance, and omissions by Defendants DOES 1 through 10, inclusive. Defendants, and each of them, were negligent in complying with their duties and in the performance of their training and tactics by failing to immediately summon proper medical care for SEAN WEST when they knew or should've known that he had ingested methamphetamine by swallowing it, thereby creating a serious medical need that required immediate and urgent response by summoning proper medical care for him. Instead, Defendants DOES 1 through 10, inclusive, refrained from taking any remedial action until they noticed SEAN WEST to be suffering objective medical symptoms of methamphetamine poisoning, thereby causing him grave and life-threatening injuries, and this negligence caused Plaintiffs' ultimate death. Defendants DOES 1 through 10, inclusive, failed to comply with well-known and commonly trained Sheriff's tactics and duties and their conduct was at all times mentioned herein, below the standard of care for reasonable Sheriff's deputies, and this negligence caused the injuries and damages alleged herein.

43. Defendants COUNTY OF LOS ANGELES, and DOES 9 through 10, acting within the course and scope of their employment with Defendant, breached

their duty to assure the competence of Defendants DOES 1 through 8, inclusive, and failed to exercise ordinary care under the circumstances herein alleged to investigate this use of force, and to evaluate and assure the competence of Defendants DOES 1 through 8, inclusive, and thereby ratified and condoned the wrongful conduct of each Defendant and breached their duty of selecting, training, reviewing and periodically evaluating the competency of these individually named deputies.  This breach of duty of careful selection, training, review and periodic evaluation of the competency of such Sheriff's deputies created an unreasonable risk of harm to persons such as Plaintiffs.

44. As a direct and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, and each of them, Plaintiffs were injured, and have suffered the damages as alleged above.

45. The COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendants DOES 1 through 10, inclusive, pursuant to § 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.  Plaintiffs base their claims against the COUNTY OF LOS ANGELES on vicarious liability pursuant to § 815.2 of the California Government Code.

46. Plaintiffs are seeking wrongful death damages under this claim.

## FIFTH CLAIM OF RELIEF
(California Civil Code § 52.1)

[By Plaintiff ESTATE OF SEAN WEST, and JESSE VELLA, as Successor in Interest for Decedent SEAN WEST against Defendants COUNTY OF LOS ANGELES, and DOES 1 through 10, inclusive]

47. Plaintiffs hereby incorporate by reference each and every allegation contained in paragraphs 1 through 46 of this complaint and make each a part hereof as if set forth in full.

48. The actions of Defendants DOES 1 through 10, inclusive, as complained of herein, interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by Plaintiffs' Decedent of the rights secured to him by the Constitution and laws of the United States, and of the rights secured to them by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

49. Defendants DOES 1 through 10, inclusive, are liable to Plaintiffs' Decedent SEAN WEST for said violations of his constitutional rights, pursuant to California Civil Code §52.1, and California Government Code § 815.2(a).

///
///
///

WHEREFORE, Plaintiffs pray for judgment as follows:

1. General damages in an amount to be proved;
2. Medical, doctor, psychiatric, pharmaceutical, funeral and incidental expenses to be proved;
3. Punitive damages from Defendants DOES 1 through 10, inclusive;
4. Costs of litigation;
5. Reasonable attorney's fees pursuant to 42, U.S.C. § 1988;
6. Such other and further relief as the court deems appropriate and just.

Dated: June 7, 2018

LAW OFFICES OF JORGE GONZALEZ

By: /s/ *Jorge Gonzalez*
Jorge Gonzalez, Esq.

Attorney for Plaintiffs
ESTATE OF SEAN WEST, TIM WEST, MONIQUE WEST, JESSE VELLA, and I.W. (A Minor, by and through his Guardian ad Litem ANGELLA MUELLER)

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

Dated: June 7, 2018

LAW OFFICES OF JORGE GONZALEZ

By: /s/ *Jorge Gonzalez*
Jorge Gonzalez, Esq.

Attorney for Plaintiffs
ESTATE OF SEAN WEST, TIM WEST, MONIQUE WEST, JESSE VELLA, and I.W. (A Minor, by and through his Guardian ad Litem ANGELLA MUELLER)